IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JONATHAN FAIR,<br><br>    Defendant. | 4:20-CR-3121<br><br>TENTATIVE FINDINGS |

  The Court has received the revised presentence investigation report in this case. There are no motions for departure or variance. The defendant has objected to the presentence report. Filing 50.

  IT IS ORDERED:

1.  The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a)  give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b)  resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)  impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)    impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)    depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    There are no motions that require resolution at sentencing. The defendant has objected to the presentence report's calculation of loss and restitution. Filing 50. The government has the burden to prove actual loss, for fraud purposes, by the preponderance of the evidence. *United States v. Markert*, 774 F.3d 922, 925 (8th Cir. 2014). But because the damage wrought by fraud is sometimes difficult to calculate, the Court need only reasonably estimate the loss. *United States v. Martinez*, 690 F.3d 1083, 1086-87 (8th Cir. 2012). Similarly, the government must prove restitution is warranted by a preponderance of the evidence, by showing the actual, provable loss. 18 U.S.C. § 3664(e); *Martinez*, 690 F.3d at 1088. The two determinations serve different purposes and may differ depending on the relevant facts. *United States v. Lange*, 592 F.3d 902, 907 (8th Cir. 2010).

The defendant's objection, briefly summarized, is that he was entitled to some of the benefits he received and that the loss and restitution amounts are overstated as a result. *See* filing 50. The government's

response "agrees in part" but proffers alternative calculations. *See* filing 57 at 5-8.

Because there are a number of different determinations to be made here, the Court had offered the defendant the opportunity to reply to the government's response, and set a separate evidentiary hearing on these issues to be held before proceeding to sentencing. *See* filing 60. As that hearing approached, however, the parties informed the Court that they were prepared to proceed by stipulation in lieu of an evidentiary hearing. *See* filing 63. Based on that representation, the Court cancelled the evidentiary hearing and set this matter for sentencing. *See* filing 63.

Despite the Court setting and resetting a deadline for that stipulation, it has not been filed. Nor has the defendant replied to the government's arguments. As a result, the record currently before the Court is unsettled. Nonetheless, this matter is set for sentencing on Monday, August 1, 2022, and because the Court's calendar for the next two months is far more congested than usual, the Court is reluctant to continue sentencing again, particularly when the Court's not sure what—if anything—it's waiting for.

Accordingly, the Court will *attempt* to resolve the defendant's objection on the evidence adduced at sentencing. If the Court is unable to resolve these issues confidently on the record made by that time, the Court will consider then whether the matter needs to be continued, or whether one or both parties have waived any issues by virtue of failing to present evidence or argument regarding them.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the

preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 25th day of July, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge